UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MADELEINE CANDELARIO DEL MORAL,<br><br>    Plaintiff,<br><br>        v.<br><br>UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO,<br><br>    Defendant. | CIVIL NO. 08-_____( )<br><br>DIVERSITY - CLAIM FOR MONEY DAMAGES |

**COMPLAINT**

TO THE HONORABLE COURT:

    Comes now plaintiff, through the undersigned attorneys, and as their complaint against defendant, respectfully allege and pray as follows:

### I. THE PARTIES

    1) Plaintiff Madeleine Candelario del Moral is of legal age, and a citizen of the United States, with domicile within the State of Florida.

    2) Defendant UBS Financial Services Incorporated of Puerto Rico (UBS) is a corporation created under the laws of Puerto Rico, with its principal place of business in Puerto Rico and is a corporate citizen of Puerto Rico with capacity to sue and be sued.

## II. JURISDICTION AND VENUE

3) Pursuant to 28 U.S.C. section 1332, this Honorable Court has subject-matter jurisdiction over the instant case because it is a civil dispute between citizens of different States and the amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of interest and costs. Venue lies with this court because defendant is domiciled within Puerto Rico and all acts complained herein occurred in Puerto Rico.

## III. THE FACTS

4) Plaintiff was married to David Efrón and a Community Property Regime existed constituted by them.  On May 3, 2001, the marriage was ended in divorce by Judgment of the Court of First Instance of Puerto Rico, San Juan Superior Court (Superior Court), in the consolidated cases styled MADELEINE CANDELARIO DEL MORAL, PLAINTIFF-DEFENDANT vs. DAVID EFRON, DEFENDANT-PLAINTIFF, Civil Numbers KDI-99-1421 and KDI-99-1808.

5) On October 16, 2006, after several procedural events not relevant to this complaint, the Superior Court acting in the consolidated cases ordered an execution of judgment, for plaintiff's benefit, in the amount of four million one hundred and sixty thousand five hundred and twenty-two dollars and sixty-one cents ($4,160,522.61) plus an additional amount

equivalent to ten point five percent (10.5%) interest annually since June 4, 2001.

6) To satisfy the May 3, 2001 judgment (which became final on June 4, 2001) the Superior Court ordered the seizure and attachment of assets belonging to Mr. Efrón on October 16, 2006.

7) Among the assets of Mr. Efrón that the Superior Court ordered be seized and attached were the contents of all accounts held by defendant UBS belonging to Mr. Efrón, including but not limited to accounts JX 36196, M916106, and JX60059.

8) Copies of the execution and attachment of assets order issued by the Superior Court were duly served upon defendant UBS on October 20, 2006 by a Marshal of the Superior Court and since that time the seized and attached assets of Mr. Efrón in defendant UBS accounts were to be held and preserved under the custodial care of defendant UBS.

9) Defendant UBS filed a motion dated October 27, 2006 in the Superior Court acknowledging that it had custody of assets belonging to Mr. Efrón sufficient to satisfy the court-ordered judgment of $4,160,522.61, plus 10.5% interest accrued since June 4, 2001, and seeking guidance from the court regarding which of Mr. Efron's assets it (defendant UBS) held should be liquidated in order to satisfy the court's judgment.

10) On August 20, 2007, the Superior Court responded to defendant UBS' acknowledgement and motion dated October 27, 2006 and issued specific instructions, on pain of contempt, to defendant UBS regarding the liquidation of assets it held belonging to Mr. Efrón. Defendant UBS was ordered to immediately liquidate assets sufficient to satisfy the judgment and disburse four million one hundred and sixty thousand five hundred and twenty-two dollars and sixty-one cents ($4,160,522.61) to plaintiff until the exact amount of interest could be calculated. UBS was further ordered by the court to maintain all of Mr. Efron's accounts frozen ("*congeladas*") until further order of the Court. The August 20th, 2007 "freeze" order issued by the Superior Court regarding assets of Mr. Efrón directed *inter alia* to defendant UBS included reference to Mr. Efron's obligation to pay plaintiff the sum of fifty thousand dollars ($50,000) every month until final liquidation of the Community Property Regime.

11) On September 4, 2007, defendant UBS issued a check to plaintiff in the amount of three hundred fifty one thousand seven hundred eighty three dollars and thirteen cents ($351,783.13). Defendant UBS did not pay the remaining three million eight hundred eight thousand seven hundred thirty-nine dollars and forty-eight cents ($3,808,739.48) ordered by the Superior Court.

4

12) On September 5, 2007, defendant UBS filed a motion wherein it informed the Superior Court: (a) that it had liquidated Mr. Efrón's assets as ordered by that court, (b) that on August 27, 2007, the accounts of Mr. Efrón held by defendant UBS only amounted to $1,117,147.50, (c) that from that amount it (defendant UBS) deducted and retained $810,071.81 to pay off a line of credit it extended to Mr. Efrón, and (d) that after deducting Mr. Efrón's line of credit "debt" it (defendant UBS) issued a check payable to plaintiff Madeleine Candelario in the amount of $351,783.19.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT UBS**

**NEGLIGENCE IN FAILING TO CONSERVE THE SEIZED EFRON ASSETS IT HELD IN CUSTODY THAT HAD BEEN SUFFICIENT TO SATISFY THE COURT ORDERED SEIZURE AND ATTACHMENT**

13) Paragraphs 1-12 are incorporated herein by reference and re-alleged here in their entirety.

14) When defendant UBS was ordered by the Superior Court on October 20, 2006 to seize and attach the assets it held of David Efrón, defendant UBS had in its custody sufficient assets of Mr. Efrón to satisfy the court-ordered judgment of $4,160,522.61, plus the accrued interest at 10.5% since June 4, 2001.

15) By the time defendant UBS actually disbursed funds on September 4, 2007 from Mr. Efron's accounts to satisfy the

Superior Court judgment in plaintiff's favor it (defendant UBS) alleged that all that remained of such assets was $351,783.13.

16) From the time defendant UBS acknowledged, on October 27, 2006, that it held sufficient assets of Mr. Efrón to satisfy the Superior Court judgment in plaintiff's favor until the time it actually liquidated Mr. Efrón's accounts on September 4, 2007, defendant UBS negligently and/or illegally allowed such assets to be transferred, sold, dissipated, diminished, depleted, exhausted, or otherwise hidden away thereby depriving plaintiff of the right to receive the monies as ordered by the judgment of the Superior Court.  As a result of defendant UBS' negligent and/or illegal actions, plaintiff herein suffered the loss of three million eight hundred eight thousand seven hundred thirty-nine dollars and forty-eight cents ($3,808,739.48), plus accrued interest at the rate of 10.5% per year.  In addition, it deprived plaintiff herein of the court ordered payment of $50,000.00 per month until the liquidation of the Community Property Regime.

17) Since October 20, 2006, when defendant UBS became the court ordered custodian of the assets of Mr. Efrón, defendant UBS had the non-delegable fiduciary duty to conserve those assets and make sure that the assets were not transferred, sold, dissipated, depleted, exhausted, or otherwise be wasted away. Defendant UBS breached this duty, violated the Court Order,

caused damages to plaintiff, and is liable to plaintiff under the applicable laws of Puerto Rico for the damages it caused her in the amount of $3,808,739.48, plus interest at 10.5% per year from June 4, 2001, plus payment of $50,000.00 monthly until the Community Property Regime was liquidated.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT UBS

### NEGLIGENCE IN CONSERVING THE ASSETS OF MR. EFRON IT HELD IN CUSTODY WHEN THE SUPERIOR COURT ORDERED THE SEIZURE AND ATTACHMENT

18) Paragraphs 1-12 are incorporated herein by reference and re-alleged here in their entirety.

19) When defendant UBS was ordered by the Superior Court on October 20, 2006 to seize and attach the assets it held of David Efrón, defendant UBS had in its custody assets of Mr. Efrón sufficient to satisfy the Superior Court judgment.

20) By the time defendant UBS actually disbursed funds on September 4, 2007 all that remained of such assets was $351,783.13.

21) From the time defendant UBS acknowledged, on October 27, 2006, that it held sufficient assets of Mr. Efrón to satisfy the Superior Court judgment until the time it actually liquidated Mr. Efrón's accounts on September 4, 2007, defendant UBS negligently and/or illegally allowed such assets to be transferred, sold, dissipated, diminished, depleted, exhausted,

7

or otherwise hidden away thereby depriving plaintiff of the right to receive such other monies in addition to the monies claimed in the First Cause of Action *ante* as ordered by the Superior Court. As a result of defendant UBS' negligent and/or illegal actions, plaintiff herein suffered the loss of other monies including but not limited to $50,000.00 per month until the liquidation of the Community Property Regime.

22) Since October 20, 2006, when defendant UBS became the court ordered custodian of the assets of Mr. Efrón it had in its custody, defendant UBS had the non-delegable fiduciary duty to conserve those assets until the further order of the Superior Court and to assure that the assets were not transferred, sold, dissipated, depleted, exhausted, or otherwise wasted away. Defendant UBS breached this duty, violated the Court Order, caused damages to plaintiff, and is liable to plaintiff under the applicable laws of Puerto Rico for the damages it caused her in the amount of not less than $50,000.00 per month until the liquidation of the Community Property Regime.

23) Defendant UBS is liable to plaintiff under the applicable laws of Puerto Rico for the restitution of all funds and/or the value of all assets in any of Mr. Efrón's UBS accounts as of the date it was served with the Superior Court attachment order on October 20, 2006, as well as for the

restitution of all funds and/or of the value of all assets in any account of Mr. Efrón as of August 27, 2007.

## THIRD CAUSE OF ACTION

### NEGLIGENTLY PAYING ITSELF FROM FUNDS ORDERED PAYABLE TO PLAINTIFF

24) Paragraphs 1-12 are incorporated herein by reference and re-alleged here in their entirety.

25) When defendant UBS was ordered by the Superior Court on October 20, 2006 to seize and attach the assets it held of David Efrón, defendant UBS had in its custody sufficient assets of Mr. Efrón to pay the Superior Court judgment.

26) By the time defendant UBS actually disbursed funds on September 4, 2007 all that remained of such assets was $1,161,855.00. Before making such disbursement, defendant UBS illegally appropriated for its own use and benefit the sum of $810,071.87 from the accounts of Mr. Efrón to allegedly pay off an existing line of credit allegedly owed to it (defendant UBS) by Mr. Efrón, and disbursed to plaintiff the sum of $351,783.13.

27) UBS willfully violated the Superior Court Order and breached its fiduciary duty when it (defendant UBS) illegally appropriated for its own use and benefit the sum of $810,071.87 from the accounts of Mr. Efrón to allegedly pay off an existing line of credit debt allegedly owed to it (defendant UBS) by Mr. Efrón, thereby depriving plaintiff herein of those funds.

28) As a result of its illegal acts, defendant UBS caused damages to plaintiff in an amount of not less than $810,071.87 plus interest, and is liable to plaintiff for said monies under the applicable laws of Puerto Rico.

WHEREFORE plaintiff prays this Honorable Court:

1) That it order UBS to restitute and reinstate in monies the value of all assets held in all the UBS accounts of Mr. David Efrón accounts as of October 20, 2006;

2) That it enter judgment against defendant UBS in the amount of $3,808.739.48, plus applicable interest, and

3) That after all values and/or monies are restituted UBS be ordered to comply with the August 20, 2007 Superior Court Order, and

4) That it order any other applicable relief under law or equity in favor of plaintiff, and

5) That it order the defendant to pay all costs and attorney fees.

In San Juan, Puerto Rico this _____ of August 2008.

**RESPECTFULLY SUBMITTED.**

                                    S/Diana Lynn Pagán Rosado
                                    USDC-PR #213107
                                    S/Herbert W. Brown III
                                    USDC-PR #118312
                                    BROWN & UBARRI, P.S.C.
                                    El Caribe Building, 14th Floor
                                    53 Palmeras Street
                                    San Juan, Puerto Rico 00901-2417
                                    Tel: (787) 725-3312
                                    Fax: (787) 723-7233
                                    E-mail: dlpagan@bandulaw.com