IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MADELINE CANDELARIO DEL MORAL

    Plaintiff

    v.                                                                 **Civil No. 08-1833 (SEC)**

UBS FINANCIAL SERVICES
INCORPORATED OF PUERTO RICO

    Defendants

**OPINION and ORDER**

Pending before this Court is Plaintiff Madeline Candelario del Moral's ("Plaintiff" or "Candelario") motion for reconsideration under FED. R. CIV. P. 59(e)(Docket # 93), Defendant UBS Financial Services Incorporated of Puerto Rico's ("UBS") opposition thereto (Docket #101), and Candelario's reply (Docket # 103). After reviewing the filings and the applicable law, Candelario's motion is **DENIED**.

**Factual Background**

The facts and procedural background of this case are set forth in our Opinion and Order dated January 13, 2010. Docket # 86. On April 3, 2009, UBS moved for summary judgment, arguing that Plaintiff's claims were time-barred, and that Plaintiff had no actionable claim under Article 1802. Dockets ## 23 & 24. Specifically, UBS argued that the Superior Court's October 2006 Order and Writ of Execution were verbally vacated by Puerto Rico Superior Court Judge, Charles Jiménez-Nettleship ("Judge Jiménez-Nettleship"), during a hearing held on November 13, 2006. UBS contended that the attachment of Efrón's accounts was removed after a careful review of Judge Jiménez-Nettleship's verbal order, the Minutes for said proceedings, Plaintiff's appeals to the Puerto Rico Court of Appeals and Supreme Court, and said courts' rulings on the matter.

**CIVIL NO. 08-1833 (SEC)**                                                                                          2

Plaintiff opposed, and on May 6, 2009, she filed a cross motion for summary judgment. Docket ## 37-39. According to Plaintiff, the Order and Writ of Execution, issued in accordance with the Puerto Rico Court of Appeals' Judgment dated February 16, 2006, constituted the law of the case. Plaintiff further averred that Judge Jiménez-Nettleship's verbal order did not affect the Order and Writ of Execution's validity. According to Plaintiff, the Minutes of the November 13, 2006 hearing were never signed by the Judge, nor certified and notified to the parties by the Courtroom Clerk, as required by the Rule 32(b)(1) for the Administration of the Court of First Instance of the Commonwealth of Puerto Rico (Rule 32), P.R. Laws Ann. tit. 4, R. 32. As a result thereof, Plaintiff argued that Judge Jiménez-Nettleship's verbal order was never valid or enforceable.  Thereafter, the parties filed numerous replies and sur-replies.

After reviewing the filings, and the applicable law, on January 13, 2010, this Court partially granted Candelario's motion for summary judgment. In so doing, we held that although Judge Jiménez-Nettleship verbally set aside the October 2006 Order and Writ of Execution, the minutes of the hearing were never notified to the parties or signed by the Judge, and a result, such an order was not final, and thus enforceable, until the Courtroom Clerk issued the Minutes for the proceedings, the Judge signed the same, and the parties were notified in accordance with Puerto Rico Rule of Civil Procedure 65.3, P.R. Laws Ann. tit. 32, Ap. III. Based on the foregoing, this Court concluded that UBS failed to act like a prudent and reasonable person under the circumstances, and to exercise the owed duty of care, and accordingly awarded Plaintiff $3,808,739.48, plus interest over said sum at a rate of 10.50% annually from June 4, 2001. Shortly thereafter, Plaintiff filed the present motion for reconsideration, and UBS opposed.

**Standard of Review**

FED. R. CIV. P. 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what

**CIVIL NO. 08-1833 (SEC)**  3

grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)).

Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**Applicable Law and Analysis**

In the present motion, Plaintiff argues that this Court failed to consider that the August 2006 Writ and Order of Execution obligated UBS to maintain all of Efron's accounts frozen. According to Plaintiff, this Court's January 13, 2010 Judgment should be amended to order that UBS deposit all sums in Efron's account as of February 2007, thus ensuring that Efrón makes the $50,000 monthly payments to Candelario as established by the Commonwealth courts' rulings. Additionally, Plaintiff posits that this Court erroneously upheld UBS's payment of the credit line agreement with UBS Bank USA, Account number 5V-50203.

In opposition, UBS argues that Candelario's Rule 59(e) motion improperly seeks to re-litigate arguments previously ruled upon by this Court, to wit, the payment of the loan agreement with UBS Bank USA, as well as introduce damages allegations that were not argued or properly evidenced in her cross-motion for summary judgment. On the former, UBS avers that Plaintiff's

**CIVIL NO. 08-1833 (SEC)**                                                                                          4

reliance on <u>Hull-Dobbs Co v. Superior Court</u>, 81 P.R. Dec. 221 (1959), is misplaced insofar as the present case involves a security interest in investment property governed by the Uniform Commercial Code of Utah, not a chattel mortgage. UBS further contends that Puerto Rico's Commercial Transaction Act, P.R. Laws Ann. tit. 19, § 404(1), provides that the parties may agree as to the law that shall govern their rights and duties, be it the law of Puerto Rico or any state or nation, which in the present suit is the State of Utah. In terms of the latter, UBS argues that the complaint is insufficient to support summary judgment regarding Plaintiff's alleged damages as a result of not being able to collect the $50,000 monthly payments from Efrón. Specifically, UBS avers that Plaintiff should have moved for summary judgment on said alleged damages, notwithstanding, her cross-motion is devoid of allegations and supporting evidence regarding this issue. On the other hand, UBS points out that the October 2006 Order and Writ of Execution do not refer to future payments or order the attachment and seizure of assets in excess of the principal sum of $4,160,522.61, plus interest.

In the present case, there were no controversies regarding the material issues of fact. Pursuant to the uncontested facts, it was undisputed that Judge Jiménez-Nettleship issued a verbal order during the November 13, 2006 hearing, and that the Minutes for said proceedings, transcribed on December 12, 2006, lacked the Judge's signature, and were never properly notified to the parties. Instead, the parties disagreed on the interpretation of the applicable law regarding the validity of Judge Jiménez-Nettleship's verbal order. Accordingly, this Court determined that a verbal order, issued in open court at the Commonwealth level, is not valid and enforceable from its issuance. To become valid and enforceable, if must be notified to the parties in Minutes signed by the presiding Judge. Specifically, this Court held that "[f]rom the Superior Court's Minutes, it is clear that Judge Jiménez-Nettleship *verbally* set aside the October 2006 Order and Writ of Execution. However, the minutes of the hearing were *never notified to the parties or signed by*

**CIVIL NO. 08-1833 (SEC)** 5

*the Judge*. This Court finds that *such an order is not final*, and thus enforceable, until the Courtroom Clerk issues the Minutes for the proceedings, the Judge signs the same, and the parties are notified in accordance with Rule 65.3."

In determining the monies owed, this Court concluded that

> insofar as Account JX60059 was pledged as a Collateral Account for loan Account 5V50203, UBS acted correctly in paying off loan account 5V50203 with the funds from the former. However, as previously stated, from the date of their release in February 2007 to July 31, 2007, the values and assets in Account JX60059 decreased from approximately $11 million to $1,155,367.71. Thus UBS's negligent release of Efrón's accounts in February 2007 led to a significant decrease of the assets in Account JX60059, and ultimately deprived Plaintiff from receiving the amount ordered by the Superior Court. Specifically, the Superior Court awarded Plaintiff $4,160,522.61, and she only received $351,783.19. Therefore, as a direct result of UBS's negligence, Plaintiff did not receive $3,808,739.48. Docket # 86, p. 21.

Accordingly, UBS was ordered to pay Plaintiff $3,808,739.48, plus interest over said sum at a rate of 10.50% annually from June 4, 2001. Moreover, we pointed out noted that "[a]lthough, as previously noted, UBS did not err in paying off loan account 5V50203, as of February 2007, Efrón's accounts had sufficient funds to satisfy said loan, as well as the Order and Writ of Execution. Therefore, the payment of Loan Account 5V50203 would not have adversely affected Plaintiff." Docket # 86, p. 21.

Plaintiff's main argument is premised on the Superior Court's October 2006 Order and Writ of Execution, which she alleges obligated UBS to maintain Efrón's accounts frozen. As stated in our prior Opinion and Order, on October 9 and 16, 2006, respectively, the Superior Court issued the Order and Writ of Execution, which provided, among other issues, for the attachment and/or garnishment of Efrón's real and personal property, even if the property was in the possession of third parties, and if the property was not liquid and available when the attachment and/or garnishment was carried out. The Marshal was to request that the third parties retain the property when liquidated, so that in due course the funds could be remitted to the court

**CIVIL NO. 08-1833 (SEC)**                                                                 6

in an amount sufficient to satisfy the principal sum of $4,160,522.61, plus interest thereon at the rate of 10.50% per annum, from June 4, 2001 until the debt was fully paid. Thereafter, in accordance with the Order and Writ of Execution, on October 20, 2006, UBS attached the following three accounts, JX-60059, WR-00855 and 5V-50203.[1] Notwithstanding, said accounts were released on February 2007.

As Plaintiff correctly points out, on August 20, 2007, Superior Court Judge Arlene Sellés Guerrini issued an "Order for the Sale of Assets," acknowledging UBS's motion to clarify dated October 27, 2006, and setting forth specific instructions for UBS regarding the liquidation of assets belonging to Efrón. Therein, UBS was ordered to immediately sell and liquidate Efrón's assets until the amount of $4,160,522.61 was reached, and thereafter issue a check payable to Candelario for said amount. UBS was also "ordered to maintain Efrón's account frozen until the amount of interest accrued on the debt as of the day of the aforementioned payment is calculated and until otherwise ordered by this Court." Docket # 38-24. The court also ordered Efrón to immediately comply with his obligation to pay Plaintiff $50,000 every month until final liquidation of the assets of the Community Property Regime. On August 27, 2007, UBS was served with a copy of the aforementioned Order Concerning the Sale of Assets, and two days later, UBS restrained the accounts maintained by Efrón at that time.

Notwithstanding, the record clearly shows that the October 2006 Order and Writ of Attachment did not impose any additional obligation upon UBS aside from the attachment of certain properties in an amount sufficient to satisfy the payment of the amount of $4,160,522.61 plus interest, that is, the amount already partially paid to Plaintiff by UBS and the remaining amount awarded in our January 2010 Judgment. Judge Sellés-Guerrini's August 2007 Order has

---

[1] Accounts M9-16106 and JX36196 were closed prior to the October 20, 2006 Order and Writ of Execution.

**CIVIL NO. 08-1833 (SEC)**                                                                 7

no bearing on this case for purposes of determining the amount owed by UBS to Plaintiff. More so, considering that this Court lacks jurisdiction over Judge Sellés-Guerrini's orders as to Efrón's obligation to comply with the $50,000 monthly payments imposed by the Court of Appeals in its February 16, 2006 Amended Judgment, until final and enforceable disposition of the community property. This Court's jurisdiction is limited to the Article 1802 claims against UBS, that is, the amount Plaintiff would have received pursuant to the October 2006 Order and Writ of Attachment but for UBS's negligent actions. Also, Efrón is not a party to this suit, thus we cannot ensure third-party compliance with Judge Guerrini's August 2007 orders as to Efrón. Moreover, a review of the record shows that UBS complied with the Superior Court's August 2007 Order.

In light of the foregoing, this Court need not delve further into UBS's payment of the loan agreement with UBS bank USA. Especially considering that as of October 2006 and February 2007, Efrón's accounts had sufficient funds to satisfy said loan as well as pay the amounts owed to Plaintiff.

**Conclusion**

For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this day 9th day of April, 2010.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge