IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MADELEINE CANDELARIO-DEL MORAL,

    Plaintiff,

v.

UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO,

    Defendant.

**Civil No. 08-1833 (SEC)**

**OPINION AND ORDER**

    Before the Court are putative intervenor David Efron's motion for reconsideration (Docket # 212), and the parties' responses thereto (Dockets # 218 & 225). After reviewing the filings and the applicable law, Efron's motion for reconsideration is **DENIED**.

**Factual and Procedural Background**

    On April 29, 2013, the Court denied Efron's motion to intervene under Federal Rule of Civil Procedure 24(a)(2) (intervention as of right). Candelario v. UBS Fin. Servs. Inc., No. 08-1833, 2013 WL 1791024 (D.P.R. Apr. 29, 2013) (to be published in F.R.D.). In a nutshell, the Court held that Efron's motion, which had failed to comply with the procedural requirements mandated by Federal Rule of Civil Procedure 24(c), see id. at 3 n. 3, was untimely. See, e.g., id. at *6 ("The record reflects undue delay by Efron, a would-be intervenor with complete knowledge that his rights were in peril."). Because Efron could not "meet the timeliness requirement," the opinion stated, the Court declined to "'consider whether other conditions for intervention under Rule 24 were satisfied.'" Id. (quoting Nat'l Ass'n for Advancement of Colored People v. New York, 413 U.S. 345, 369 (1973)).

    On May 20, 2013, Efron filed the instant motion for reconsideration (presumably under Rule 59(e)), arguing in pertinent part that his motion to intervene "is timely." Docket # 212, p.

**CIVIL NO. 08-1833 (SEC)**                                                                                           **Page 2**

3. He also (again) requests additional time to obtain counsel and asks this court to order a "30-day moratorium on any settlement negotiations" or court hearings. Id., p. 5. The plaintiff timely opposed. Docket # 218. She says that Efron's motion should be denied, because it "fails to address the legal reasoning set forth . . . in  this court's ruling on the matter." Id., p. 5. "Instead of analyzing the criteria applicable to intervention, and without filing the required pleading under Rule 24," the plaintiff further maintains, Efron "prefers to dedicate his efforts to besmirching [the plaintiff], accusing her of being violent, abandoning her children, [and] living high off the hog . . . ." Id.

Exhibiting its characteristic neutrality, defendant UBS Financial Services Incorporated of Puerto Rico (UBS) also responded. Docket # 225. Because it "intends to call Efron as a witness, regardless of whether he is allowed to intervene, UBS takes no position on Efron's motion for reconsideration." Id., p. 3. UBS nonetheless makes some key factual corrections. As relevant here, UBS properly rebuts Efron's incorrect contention that  the "first time" he was advised that "he would be liable for any settlement between the parties in this case" was on March 4, 2013. Id., p. 1 (citing Docket # 212, p. 2). Setting the record straight, UBS correctly states that it "has repeatedly reminded Efron of its intention to hold him accountable for this obligation, including after the Court's prior summary judgment ruling in January 2010, again in its July 2011 proof of claim in Efron's bankruptcy proceeding, and again in February and March of this year." Id., pp. 1-2 (citations omitted).

**Standard of Review**

 "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted).  It is common ground that the moving party "must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143,

**CIVIL NO. 08-1833 (SEC)** <span style="float:right">**Page 3**</span>

146 n. 2 (1st Cir. 2004)). It is also well settled that "[a] motion for reconsideration is not a vehicle for the introduction of arguments that could and should have been made to the district court earlier." Fábrica de Muebles J.J. Álvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26, 33 (1st Cir. 2012). Nor does Rule 59(e) "provide a vehicle for a party to undo its own procedural failures." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996)).

**Applicable Law and Analysis**

As said, Efron argues that this court should reconsider its denial of his motion for intervention. This request is without merit. The short answer is that Efron neither argues that the denial of his motion to intervene was a manifest error of law nor does he present newly discovered evidence. Rather, for the first time in this litigation, he simply maintains — without much in the way of an argument — that his motion to intervene "is timely." Docket # 212, p. 2. Shockingly, he again "neither mentions nor applies the timeliness factors," 2013 WL 1791024, at * 4, as adopted by the First Circuit in the normative Culbreath v. Dukakis, 630 F.2d 15, 20 (1st Cir.1980) — thus making waiver applicable. See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Nor does he even attempt to comply with Rule 24(c)'s mandatory procedural requirements, see Public Service Company of New Hampshire v. Patch, 136 F.3d 197, 205 n. 6 (1st Cir. 1998); Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 783-84 (1st Cir. 1988), which provided yet another ground to deny his undeveloped and unpersuasive request for intervention. See 2013 WL 1791024, at *3 n. 3. The upshot is that Efron's request for reconsideration is plainly unwarranted.

The Court need not spill more ink on this matter. Because Efron's motion for reconsideration falls way short of showing that the court erred as a matter of law or fact, it is **DENIED**. Needless to say, Efron's unfounded request for "30-day moratorium on any settlement negotiations" or court hearings is also **DENIED**. See 2013 WL 1791024, at *2 n. 1.

**CIVIL NO. 08-1833 (SEC)**                                                                                         **Page 4**

### Conclusion

For the reasons stated, Efron's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of June, 2013.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge