# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MADELEINE CANDELARIO-DEL MORAL,

   Plaintiff,

v.

UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO,

   Defendant.

**Civil No. 08-1833 (SEC)**

## OPINION AND ORDER

Before the Court are putative intervenor David Efron's "Urgent Motion for Stay Pending Appeal" (Docket # 221), and the parties' responses thereto. Dockets # 222 & 224. After reviewing the filings and the applicable law, Efron's motion is **DENIED**.

**Factual and Procedural Background**

On April 29, 2013, the Court denied Efron's motion to intervene under Federal Rule of Civil Procedure 24(a)(2). Candelario-Del Moral v. UBS Fin. Servs. Inc., --- F.R.D. ----, 2013 WL 1791024 (D.P.R. Apr. 29, 2013), reconsideration denied, 2013 WL 2631448 (D.P.R. June 11, 2013). The Court held that Efron's motion to intervene had (1) failed to comply with the procedural requirements mandated by Fed. R. Civ. P 24(c); and (2) been untimely, see id. at *3 n. 3 & *6; see also 2013 WL 1791024, at *1. Unhappy with this determination, on May 28 Efron filed a notice of appeal from the denial of his motion to intervene. Docket # 217.

Shortly thereafter, he filed the instant motion to stay the proceedings pending his appeal, arguing that he "satisfies and meets the necessary factors for the issuance of a stay." Docket # 221, p. 1. Notably, for the first time in this litigation, Efron conducts a "brief analysis" of the "elements of intervention as of right . . . ." Id., p. 4.

Arguing that Efron's motion to stay "utterly fails to show" how the traditional four-part standard governing stays pending appeal "favors his request for a stay," the plaintiff opposed.

**CIVIL NO. 08-1833 (SEC)**                                                                                          **Page 2**

Docket # 222, p. 1. Consistent with its "characteristic neutrality," Candelario-Del Moral, 2013 WL 2631448, at * 1, the defendant "takes no position" on Efron's motion to stay. Docket # 224, p. 1.

**Standard of Review**

"A party requesting injunctive relief pending appeal bears the burden of showing that the circumstances of the case justify the exercise of the court's discretion." Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010); Whalen v. Roe, 423 U.S. 1313, 1316 (1975) (Marshall, J., in chambers). The determination whether to grant a stay pending appeal is controlled by the traditional quadruple test applicable to preliminary injunctions: (1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987)); Joubert-Vázquez v. Alvarez-Rubio, 841 F. Supp. 2d 570, 573 (D.P.R. 2012).

The first two factors, the Supreme Court recently made clear, "are the most critical." Nken, 556 U.S. at 434. Because both of these factors "require a showing of more than mere possibility," the movants "must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent . . . [a stay]." Respect Maine PAC, 622 F.3d at 15. "The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits." Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002) (per curiam) (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993)); Rivera-Torres v. Ortíz Vélez, 341 F.3d 86, 95 (1st Cir. 2003). Accordingly, "[w]hat matters . . . is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits . . . ." In re Elias, 182 F. App'x 3, 4 (1st Cir. 2006)

**CIVIL NO. 08-1833 (SEC)**                                                                                                                Page 3

(citation and internal quotation marks omitted); United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir.1987).

### Applicable Law and Analysis

As noted above, as the proponent of the stay Efron "bears the burden of showing that the circumstances justify an exercise" of this court's judicial discretion. Nken, 556 U.S. at 418. He comes nowhere close to satisfying this burden.

The analysis starts and ends with the first and second factors. Efron has not made a "strong showing" of success on the merits. As a threshold matter, his appeal will, in all likelihood, fail to reach first base. Court of Appeals do not take lightly a party's failure to provide nisi prius courts with developed arguments. See, e.g., Curet-Velázquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011), cert. denied, 132 S. Ct. 1863 (2012).[1] And this is for good reason: "Overburdened trial judges cannot be expected to be mind readers," McCoy v. Massachusetts Inst. of Techn., 950 F.2d 13, 22 (1st Cir. 1991), so "litigants should not seriously expect to obtain a remedy without doing the necessary leg work first." Silverstrand Investments v. AMAG Pharmaceuticals, Inc., 707 F.3d 95, 107 (1st Cir. 2013). This principle could be dispositive here, where Efron's motion to intervene neither presented nor analyzed any applicable legal authority — in fact, Efron's motion "cite[d] no caselaw at all." Machado v. Shinseki, 700 F.3d 48, 49 (1st Cir. 2012) (per curiam). To make matters worse, Efron's request completely ignored "the timeliness factors," Candelario-Del Moral, 2013 WL 1791024, at * 4,

---

[1] See also, e.g., Rocafort v. IBM Corp., 334 F.3d 115, 122 (1st Cir.2003) ("Passing reference to legal phrases and case citation without developed argument is not sufficient to defeat waiver." (citing DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001))); CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1526 (1st Cir. 1996) (three sentences with three undiscussed citations did not defeat waiver); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (reiterating that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); D.P.R. Civ. R. 7(a) ("All matters submitted to the Court for consideration shall be presented by written motion filed with the clerk incorporating a memorandum of law, including citations and supporting authorities. . . .") (emphasis added).

**CIVIL NO. 08-1833 (SEC)**                                                                 **Page 4**

as adopted by the First Circuit in the normative Culbreath v. Dukakis, 630 F.2d 15, 20 (1st Cir.1980).[2]

But even if the First Circuit were to excuse these fatal flaws, it cannot be said, as Efron maintains in a perfunctorily manner, that his request for intervention has a "strong position" on the merits. Docket # 221, p. 4. Quite the opposite is true: Efron's motion to intervene is meritless. Efron, an experienced and resourceful member of this bar, neglected to even comply with Rule 24(c)'s mandatory requirements, see, e.g., Public Service Company of New Hampshire v. Patch, 136 F.3d 197, 205 n. 6 (1st Cir. 1998), "which provided yet another ground to deny his undeveloped and unpersuasive request for intervention." Candelario-Del Moral, 2013 WL 2631448, at *2. More important, the fact remains that Efron cannot explain "why he procrastinated for 2 years to intervene." Candelario-Del Moral, 2013 WL 1791024, at *4. "A delay of 2 years after Efron irrefragably knew that UBS intended to seek indemnification from him," the Court hereby reiterates, "is an inordinate amount of time . . . ." Id. In short, Efron's motion to intervene cannot meet the timeliness requirement, which "stands as a sentinel at the gates whenever intervention is requested and opposed." R & G Mortgage Corp. v. Fed. Home Loan Mortgage Corp., 584 F.3d 1, 7 (1st Cir. 2009) (internal quotation marks and citations omitted).

There is, however, an added wrinkle. As stated previously, Efron addresses — for the first time — the factors applicable to motions to intervene, including timeliness. As relevant here, he posits that "the triggering event making his motion to intervene timely was the March 4, 2013 letter he received from . . . . [UBS] indicating that Intervenor David Efron would be

---

[2] Efron's "pro se" status does not insulate him from complying "with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). "[W]hile pro se litigants are held to a less stringent standard . . . they are not immune" from waiver resulting from undeveloped arguments. Watson v. Trans Union LLC, 223 F. App'x 5, 6 (1st Cir. 2007) (per curiam). These principles are even more demanding here, where Efron, an experienced litigator, is not the usual pro se litigant.

**CIVIL NO. 08-1833 (SEC)**                                                                                                             **Page 5**

liable for any settlement between the Plaintiff . . . and Defendant in this case." Docket # 221, p. 3. But Efron's last ditch attempt is too little, too late. And in any event, his ipse dixit is supported neither by caselaw, see, e.g., Narragansett Indian Tribe v. Ribo, Inc., 868 F.2d 5, 7 (1st Cir.1989) ("Parties having knowledge of the pendency of litigation which may affect their interest sit idle at their peril.") (emphasis added) nor by the record, see Candelario-Del Moral, 2013 WL 2631448, at *1 ("Setting the record straight, UBS correctly states that it has repeatedly reminded Efron of its intention to hold him accountable . . . including after the . . . summary judgment ruling in January 2010, [and] again in its July 2011 proof of claim in Efron's bankruptcy proceeding . . . .") (citations and internal quotation marks omitted).

      Neither can Efron shoulder his burden of showing that he will suffer irreparable harm absent a stay. Efron's perfunctory and wholly undeveloped averment that he will "suffer irreparable injury should the instant case proceed," Docket # 221, p. 4, "makes waiver a real possibility." Candelario Del Moral v. UBS Fin. Servs. Inc. of Puerto Rico, 699 F.3d 93, 101 (1st Cir. 2012). It also fails on the merits; for it simply cannot be said that the First Circuit's decision will "come too late for the party seeking review." Nken, 556 U.S. at 421 (quoting Scripps-Howard Radio, Inc. v. FCC, 316 U.S. 4, 9-10 (1942)). That is so because the mediation has since concluded without settlement, see Dockets # 210 & 211, so the chances of settlement appear to be considerably lower than when Efron moved to intervene. Given the approval of the parties' "joint proposed schedule," Docket # 220, moreover, trial will not start until at least March 2014. What is more, the defendant has made clear that it "intends to call Efron as a witness regardless of whether or not he is permitted to intervene," Docket # 225, so Efron's protestations will most likely be heard at trial.

      In any event, if Efron thinks that the appellate outcome will come too late, he could always petition the First Circuit to "expedite[ ] the appeal" . . . [by arguing that there is a] need for an urgent resolution." Daggett v. Comm'n on Governmental Ethics & Election Practices,

**CIVIL NO. 08-1833 (SEC)** **Page 6**

172 F.3d 104, 108 (1st Cir. 1999); see, e.g., Jimenez-Fuentes v. Torres Gaztambide, 807 F.2d 230, 231 (1st Cir. 1985) (denying stay but granting "an expedited appeal"), on reh'g sub nom., 807 F.2d 236 (1st Cir. 1986). In sum, because there is no threat (imminent or otherwise) of irreparable injury here, Efron cannot meet the second factor.

Given Efron's failure to meet his burden under the first two factors, "an analysis of the other factors . . . would be supererogatory." Weaver v. Henderson, 984 F.2d 11, 14 n. 5 (1st Cir. 1993); accord Nken, 556 U.S. at 436 ("Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest.") (emphasis added). See also Ruckelshaus v. Monsanto Co., 463 U.S. 1315, 1317 (1983) (Blackmun, J., in chambers). The Court nonetheless notes that staying the proceedings pending appeal would "further delay this soon-to-be 5-year-old case; such a hangup would in turn prejudice the plaintiff 'in the form of undue delay.'" Candelario-Del Moral, 2013 WL 1791024, at *5 (quoting Blount-Hill v. Zelman, 636 F.3d 278, 286-87 (6th Cir. 2011)). Finally, the public interest lies in avoiding delays, resolving the parties' dispute expeditiously, and in the productive use of limited judicial resources. See Jarboe v. Yukon Nat'l Bank ( In re Porter), 54 B.R. 81, 82 (Bankr. N.D.Okla. 1985) ("The public interest, though difficult to measure in a case involving primarily private rights, is generally served by moving forward."); see also Fed. R. Civ. P. 1. And a stay would further none of these interests. Accordingly, the third and fourth factors likewise militate against a stay.

**Conclusion**

For the reasons stated, Efron's "Urgent Motion for Stay Pending Appeal" is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of June, 2013.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge